## No. 176

### GROFF v. ROBBINS

Ohio Appeals, 9th Dist., Summit Co.

No. 1057.   Decided Nov. 16, 1925

831.   NEGOTIABLE INSTRUMENTS—1.

Notice of dishonor of note sufficient if received by resident endorser through mail on the day following dishonor by maker.

2.   Protest not necessary where instrument not a foreign bill of exchange.   8223 GC.

FUNK, J.

Josephine Robbins was the holder of a promissory note, signed by one Michael Rubinstein as maker, secured by a mortgage on some property owned by said maker.

Said note had been transferred without recourse by the payee to P. K. Groff, who in turn endorsed same by an unrestricted endorsement to one Mary Dreyer. Robbins came into possession of said note thru an indorsement without recourse from the said Mary Dreyer.

There was a provision in said note enabling the holder to declare it due and payable upon default of any condition in the mortgage or upon default of payment of interest. No payments having been made either on principal or

## STATE COURT OF APPEALS—Continued

interest, Robbins declared said note due on Aug. 21, 1923, and duly presented same on that day to the maker and demanded payment, which was refused.

On August 22, the day following such refusal, Robbins through her attorney notified Groff of the refusal and demanded payment, filing notice of protest. Said notice and demand were mailed Aug. 22, and received by Groff the same day.

Groff refused payment. Suit was filed by Robbins and Groff defended on the grounds that as letter to him demanding payment was dated Aug. 22, as was also notice of protest, and as such instruments contained on their face assertions that demand and dishonor were of that date, whereas in fact such demand and dishonor were had on Aug. 21, the notice and demand upon him was not in compliance with statute and therefore he was released.

Further defense was that demand for payment should have been made on some date when a payment of interest was due, and could only be made on those dates. Groff, further contended that the mortgage securing said note had never been recorded by Robbins, and that due to such negligence the security for said note had been lost because of a foreclosure of a prior mortgage, of which action he had received no notice. The Summit Common Pleas found for Robbins. Error was prosecuted and the Court of Appeals held:

1. In accordance with the provisions of 8208 GC., notice of dishonor must be sent to endorser residing in the same city, so that such notice is received by him the day following such dishonor. As the error of the date of presentment is not such a material error as would mislead the endorser, he having received notice as required by statute, such error is insufficient in itself to discharge the endorser.

2. This note, not being a foreign bill of exchange, protest thereof is unnecessary, and error on the notice of protest will not be charged against the holder.

3. As to the contention that option to declare the note due must be exercised upon date that interest falls due, no such condition being contained in the note, the option to declare note due may be exercised at any time after any default.

4. The endorser, being the first transferee from the original mortgagee, neglected to have said mortgage recorded upon transfer to him, so it was primarily his negligence that lost him the security, and he cannot charge his negligence upon the holder.

Judgment affirmed.

Attorneys—Musser, Kimber & Huffman for Groff; R. B. Colton for Robbins; all of Akron.